UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

ELSIE SPIEGEL,

    Plaintiff,

v.

CELEBRITY CRUISES INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, ELSIE SPIEGEL, hereby sues the Defendant and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1.    This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2.    The Plaintiff, Elsie Spiegel, is sui juris, a resident of Miami-Dade County, and is a citizen of the State of Florida for purposes of diversity of citizenship under 28 U.S.C. § 1332.

3.    The Defendant, Celebrity Cruises Inc., (hereinafter referred to as "Celebrity" or "Defendant" or "the cruise line"), is incorporated outside of the State of Florida, but does business in the State of Florida, and at all times materials hereto was and is doing business in Miami-Dade County, Florida.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest, costs and is between citizens of different states and/or citizens of a state and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333. Further, this action is being filed in Federal Court in Miami Dade County, Florida as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

>  (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or

>  (b) Had an office or agency in this state and/or county; and/or

>  (c) Engaged in substantial activity within this state; and/or

>  (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**OTHER ALLEGATIONS COMMON TO ALL COUNTS**

7. **DATE OF THE INCIDENT**. The incident occurred on March 23, 2017.

8. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel Celebrity *Reflection*, a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the General Maritime Law. Specifically, the Plaintiff's incident occurred in the Spa near the hot tub in the solarium.

9. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

10. **DESCRIPTION OF INCIDENT.** Celebrity Cruises Inc. operates the Celebrity *Reflection* and 11 other cruise ships. Celebrity Cruises Inc. is a wholly owned subsidiary of Royal Caribbean International which also owns and jointly manages and operates the 26 cruise ships under the brand of Royal Caribbean Cruises, Ltd.

11. On the Celebrity *Reflection*, and on the other Celebrity and Royal Caribbean ships, in the area of the hot tubs/spas, the cruise line has a repetitive, known problem where passengers drip water coming out of the hot tub, water accumulates over time on the floor surrounding or in the general area of the hot tubs or on the steps up to the hot tubs, and the flooring in that area is extremely slippery when wet. And Celebrity knew or should have known that the flooring in this area was unreasonably (and to the passenger unforeseeably) slippery when wet. But there is no drain at the base of the steps to siphon water off of the floor and cruise personnel place no mats at the base of the steps to allow bathers to step onto instead of the slippery floor. Because of these known deficiencies, the cruise line assigns crewmembers to squeegee, mop, towel, or otherwise clean the area of water before water accumulates and causes a slipping hazard. The cruise line

also knows that it should place warning signs on the floor in a position which will warn passengers in the area of the slippery, dangerous conditions on that floor.

12. On this day, the water puddle on the floor of the spa covered a large area. The water had been there for hours. The water was deposited on the floor there by bathers who got out of that and other hot tubs, failed to dry off, and tracked water onto the floor, just as bathers did on other days, as Celebrity knew well. This is a repetitive condition of which Celebrity knew or should have known.

13. Celebrity assigned few if any cleaners that day to the solarium area. And because of that, there was a large accumulation of water at the base of the steps that day. And Celebrity chose not to place a mat, not to place warning signs, and not to squeegee, mop, towel, or otherwise clean the area of water for hours. The failure to clean the water during a busy time for the solarium caused water to accumulate and puddle.

14. Passenger Spiegel was sitting outside of the hot tub with all of her body above her ankles out of the water. She sat there with most of her body outside the hot tub for a long time. During that time, her body above her feet and ankles dried completely. Spiegel then stood up and walked out of the hot tub. Her feet and ankles were dry by the time she descended the stairs to exit the hot tub.

15. Passenger Spiegel then walked down the steps. She held onto the handrail with one of her hands. At the bottom of the steps, she stepped from the steps onto the floor and unbeknownst to her into a water puddle which had accumulated on the floor for hours. When Spiegel stepped onto the soaking wet floor, both of her feet went up in the air in front of her. She came down onto her back. Her upper body hit the stairs to the hot tub and her lower body hit the deck. Spiegel used her left wrist to break her fall.

16. Spiegel suffered in this fall a fracture of her wrist and has undergone extensive surgery with the placement of metal plates and screws. These injuries have caused permanent and significant impairment and pain.

17. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

**COUNT I: NEGLIGENCE**

18. The Plaintiff, Elsie Spiegel, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 17, above.

19. This is an action for negligence. Celebrity owes to its passengers a duty of reasonable care under the circumstances to maintain the floors on the ship including those in the solarium in a clean, dry, and safe condition. The circumstances are that Celebrity markets this and all of its ships as "premium" or upper segment luxury cruise ships. Celebrity represents to the public that its ships are "Modern Luxury Cruises, the Celebrity Distinction;" "Extraordinary to the ends of the Earth and back;" and "There's a reason people trust their precious vacation days to us. Actually, there are hundreds of them. Every day, every night, we welcome the world on board. …Intuitive service. Luxurious accommodations. And stunning design. That's the Celebrity way. The Celebrity distinction." See, https://www.celebritycruises.com/about-us/our-distinction. Celebrity also represents that "On a Celebrity vacation, you're not just sailing with our ships—you're sailing with our service. For 25 years that's been our calling card—the main reason why our guests cruise with us year after year. From your stateroom attendant to our attentive pool butlers, we're always there with a smile and a helping hand. Our Outstanding customer service and On Board Services is intuitive, so you can enjoy your vacation to its fullest". See, https://www.celebritycruises.com/about-us/our-distinction/outstanding-service.

20. The circumstances also were that Celebrity knew or should have known that the flooring which is in the solarium and other parts of this and other ships was unreasonably dangerous and slippery when it was wet, that the floors were wet on a repetitive basis, and that the floors were wet in the solarium on the date of this incident, March 23, 2017.  Celebrity knew or should have known this for several reasons.  First, Celebrity knows from experience with this and other similar ships that passengers in the solarium come out of that and other hot tubs or spas dripping water.  Second, Celebrity also knows that there is no drain at the base of the steps which lead to the hot tubs or spas to siphon the water off of the floor and there is no mat at the base of those steps to allow the passengers to step into to avoid the accumulation of the water which causes a puddle.  Third, Celebrity knows from prior similar incidents that the flooring in the solarium and throughout the ships is extremely, unreasonably, and/or dangerously slippery when wet.  Fourth, Celebrity knows that in order to avoid slip and fall incidents, they must keep the floors dry either through towels, mops, mats, squeegees, floor fans, or a combination of these devices.  And fifth, Celebrity knows that it should warn passengers that the floors are consistently wet, that the floors were wet, and that the floors when wet were unreasonably slippery and dangerous.

21. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

22. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed in the solarium on the area of the hot tub and was apparent to any Celebrity employee passing by; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or

occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

23. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) created the dangerous condition.

24. Celebrity breached its duty of care by failing to properly clean and dry the floors on the hot tub area, created a dangerous, and/or unsafe condition for an unreasonable, extended period of time by; failing to inspect for wet and slippery conditions on the floor at the base of the hot tub in the solarium; by allowing the floor just at the base of the hot tubs in the solarium to remain wet, slippery, dangerous, and/or in an unsafe condition for an unreasonable, extended period of time; by failing to warn passengers of the slippery and dangerous condition of the subject area; by failing to block or cordon off the area; by failing to mop dry the floor at the base of the hot tub; by allowing the conditions on the floor at the base of the hot tub in the solarium to remain wet and slippery for an extended period of time; by failing to install a mat at the base of the steps coming out of the hot tub; by failing to install a drain at the base of the steps coming out of the hot tub; by choosing the floor surface it did in that area, either when Celebrity contracted to have the ship custom built, and no drain(s) were installed when Celebrity created the designs and materials specifications for the ship including the solarium area, or when Celebrity oversaw and inspected the ship at the shipyard during construction; by not changing out the floor surface in that area when problems were or should have been discovered; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to comply with Celebrity's own standards on cleaning, warning, and making safe its floors and passageways; and by failing to otherwise make safe the floor at the base of the hot tub in the solarium on March 23, 2017.

25. These breaches of Celebrity's duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. On March 23, 2017, the Plaintiff got out of the hot tub and walked down the steps. The plaintiff and her feet at that time were completely dry. When she put her foot onto the landing or floor, the floor unbeknownst to her was wet and unreasonably slippery. That caused the plaintiff to slip and fall back and injury her left hand and back. Because Celebrity allowed and facilitated the floor to be wet and slippery, the Plaintiff slipped and fell. Spiegel suffered severe and debilitating injuries including injuries to her back and a fracture on her left wrist which required surgery with the placement of metal plates and screws.

26. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and, will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in

the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

                By: *s/ JOHN HICKEY*
John H. Hickey (FBN 305081)
statecourtfilings@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*